UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:10-cr-00327-TLN |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION FOR TWELVE MONTHS RCC/COMMUNITY CONFINEMENT CENTER PLACEMENT** |
| ZAIN BHAMANI, | |
| Defendant. | |

This matter is before the Court pursuant to *pro se* Defendant Zain Bhamani's ("Defendant") Motion for Judicial Recommendation for Twelve Months of Residential Re-Entry Center ("RRC") or Community Confinement Center Placement. (ECF No. 391.) Defendant's motion seeks a judicial recommendation to the Federal Bureau of Prisons ("BOP") for placement in a halfway house for twelve months preceding his release from confinement. (ECF No. 391 at 1.) The Government has not filed a response. The Court has carefully considered Defendant's arguments. For the reasons set forth below, Defendant's Motion for Judicial Recommendation (ECF No. 391) is hereby GRANTED.

**I.   PROCEDURAL HISTORY**

On September 25, 2013, Defendant pled guilty to Count 2 of the Superseding Information, Sale of Unregistered Securities in violation of 15 U.S.C. 77. (ECF Nos. 160 & 164.) On August 27, 2015, the undersigned sentenced Defendant to a term of 33 months in prison followed by

1

three years of supervised release, (ECF Nos. 313 & 323), and Defendant self-surrendered on February 15, 2016, (ECF No. 313).  Defendant is currently serving his sentence at Taft Correctional Institute and submitted this motion for judicial recommendation to extend his RCC placement from the seven months currently planned to the full 12 months.  (ECF No. 391 at 4–5.)

## II.  LEGAL STANDARD

"Two statutory provisions govern the BOP's authority to place inmates in its custody in RRCs: 18 U.S.C. §§ 3621(b) and 3624(c)."  *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010).  Section 3621(b) "governs the BOP's authority in cases where a prisoner who has more than a year left to serve his or her prison sentence requests a transfer to a [RRC]."  *Id.*  Section 3624(c)(1), as amended by the Second Chance Act of 2007, provides that the BOP

> shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).  A sentencing court may make a recommendation that a prisoner serve a term of imprisonment in an RRC.  18 U.S.C. § 3621(b).  A judicial recommendation is one factor that the BOP considers in determining a prisoner's placement, but a recommendation has "no binding effect" on the BOP to determine or change a prisoner's placement.  18 U.S.C. § 3621(b).

## III.  ANALYSIS

Defendant states that the BOP has designated Defendant to transfer to an RCC about seven months before he completes his sentence.  (ECF No. 391 at 4.)  Defendant seeks a judicial recommendation from this Court to the BOP for placement in a halfway house for the statutory maximum amount of time 12 months.  (ECF No. 391 at 4–5.

Defendant states that the additional time in the RCC would aid his reentry into society and that he would take full advantage of the opportunity as shown by his commitment to self-improvement during incarceration.  (ECF No. 391 at 5.)  Defendant explains that at the RCC he would like to further his education, work and contribute to child support, and have more contact with his children, which he is unable to do in prison.  (ECF No. 391 at 5.)

Defendant lists 17 courses he has taken in prison, including those related to resume building, financial planning, career opportunity, herbology, culinary skills, parenting, wellness, reading, speaking, self-reflection, drug education, and anger management.  (ECF No. 391 at 7.) Defendant adds that he volunteers as a student tutor for prison classes in GED prep and Algebra, and as a fire and safety crew member, for which he conducts inspections of fire safety systems, assists with chemical refills of fire retardants, and assists in various fire safety tests.  (ECF No. 391 at 6–7.)  Finally, Defendant notes that he has been accepted to Adams State University in a Business Studies degree program, and is currently taking several classes to work toward his degree.  (ECF No. 319 at 6.)

Defendant has provided significant information about his activities since sentencing and the extent of his efforts and progress toward rehabilitation while in prison.  The Court also notes Defendant's compliance with the terms of his years long pretrial release.  Defendant appears to have made admirable efforts so far and to be a good candidate for successful rehabilitation.  *See United States v. Brattin*, No. 2:13-CR-0161-JAD-CWH-1, 2016 WL 4467897, at *1 (D. Nev. Aug. 23, 2016) (granting motion where prisoner was an orderly with a gate pass, a low security risk permitted to leave the facility to conduct his duties, good disciplinary record, and would spend at least 4.5 months in an RRC based on a recommendation of a team in BOP); *United States v. Bartels*, No. 12-CR-20072, 2016 WL 6956796, at *1 (E.D. Mich. Nov. 29, 2016) (finding prisoner was a good prospect for successful rehabilitation because he was relatively young, cooperated with prosecutors in his case, and participated in five BOP rehabilitation programs); *United States v. Baker*, No. 3:01-CR-94-01-MHT, 2013 WL 355867, at *1–2 (M.D. Al. Jan. 29, 2013) (citing substantial evidence of prisoner's stellar prison record and recommendations from two BOP supervisors); *United States v. Qadri*, No. CR-06-00469-LEK, 2017 WL 1011663, at *1–2 (D. Haw. Mar. 15, 2017) (citing prisoner's good conduct and compliance with release conditions during six years of pretrial release and two years of appeal release, lack of prior criminal history, and completion of multiple prison rehabilitation classes).

////

////

1     Accordingly, Defendant's Motion for Judicial Recommendation (ECF No. 391), is hereby GRANTED, and the Court recommends that BOP place Defendant in an appropriate RCC for the maximum time for which he is eligible, not to exceed twelve months.

    IT IS SO ORDERED.

Dated: July 13, 2017

                                        Troy L. Nunley
                                        United States District Judge